UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JORDAN ANTHONY EISMAN                                                  Plaintiff

v.                                                       Civil Action No. 3:19-cv-P344-RGJ

TYLER CASEY                                                             Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Jordan Anthony Eisman filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, some claims will be dismissed, and others will be allowed to proceed.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Hardin County Detention Center (HCDC). He names as Defendant Corporal Tyler Casey in his official and individual capacities. He alleges that on October 26, 2018, at 3:00 p.m. he asked Defendant for a new smock because the one he was given exposed his buttocks and genitals. According to the complaint, Defendant indicated that he would get one for Plaintiff. Plaintiff states that at 4:00 p.m. Defendant had not given him a new smock, so Plaintiff knocked loudly on the door to ask again. Plaintiff states that Defendant replied "'no, your being a pain;'" then Plaintiff requested a shift leader and was denied. Plaintiff states that he knocked again, after which Defendant came into Plaintiff's cell where Plaintiff was sitting on his mat with his back to the wall. Plaintiff states that because he saw a can of pepper spray, he lay face down on his mat, at which time Defendant sprayed him hitting his "smock, mat, blanket, and wall, also . . . my back, buttox, left eye, left face, neck, legs and feet." Plaintiff states that he asked

for a shower "as I was burning," but Defendant told him "'you'll wait.'" He said he was forced to wait until approximately 6:00 to 6:30 pm for a shower and clean clothes. He states, "I burned for days after because I was left in the spray for so long it irritated my skin."

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Official-capacity claim

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the official-capacity claim against Defendant is in actuality brought against his employer, Hardin County.

When a § 1983 claim is made against a municipality, in this case Hardin County, a court must analyze not only whether the plaintiff's harm was caused by a constitutional violation but also, if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, it is clear that the municipality is not responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty.*

*Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff has not alleged a policy or custom of Hardin County related to the allegations in the complaint. Plaintiff's official-capacity claim will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim*

Because Plaintiff is a pretrial detainee, the Court interprets Plaintiff's claim against Defendant to be for the use of excessive force under the Fourteenth Amendment. "To establish a Fourteenth Amendment excessive-force claim, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Kulpa v. Cantea*, 708 F. App'x 846, 851 (6th Cir. 2017) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). The Court will allow an excessive-force claim to proceed against Defendant in his individual capacity.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff's individual-capacity claim against Defendant will be allowed to go forward. In allowing this claim to proceed, the Court passes no judgment on its merit or on the ultimate outcome of this action.

4

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claim.

Date: July 23, 2019

*Rebecca Grady Jennings, District Judge*
United States District Court

cc: Plaintiff, *pro se*
  Defendant
  Hardin County Attorney
A961.009